IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03235-LTB-GPG

**ASHLEE M. HANDY,**

        Plaintiff,

v.

**MAXIMUS INC, et.al.**

        Defendant(s).

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 05 2021

JEFFREY P. COLWELL
CLERK

---

**MOTION TO ALTER OR AMEND A JUDGMENT PURSUANT TO FED.R.CIV.P. 59(e)**

---

COMES NOW, Ashlee M. Handy, Plaintiff pro se, respectfully submit this Motion to Alter or Amend a Judgment pursuant to Fed.R.Civ.P. 59(e), in response to United States District Court Senior Judge Lewis T. Babcock's Order accepting and adopting the [9] Recommendation of United States Magistrate Judge. ECF No. 15.

### I. Background

On October 28, 2020, Plaintiff filed her Employment Discrimination Complaint against Defendants Cloud, Dorcas, Maximus Inc., Prime Source Staffing, and Werner. ECF No. 1. On December 02, 2020, the Court issued an Order, directing Plaintiff to file an Amended Complaint within thirty days from the date of the Order. ECF No. 5. On

1

December 17, 2020, Plaintiff filed her Amended Complaint, in compliance with the Court's December 02, 2020 Order. ECF No. 6. On February 23, 2021, the Court issued it's Order, reassigning the case to Senior Judge Lewis T. Babcock, and requested that he remain the assigned magistrate judge. ECF No. 7. On February 26, 2021, the Court issued its Order designating Magistrate Judge Gordon P. Gallagher, to conduct proceedings in this civil action. ECF No. 8.

On March 03, 2021, the United States Magistrate Judge filed a Report and Recommendation, requesting Plaintiff's [6] Amended Complaint be dismissed. ECF No. 9. On April 23, 2021, District Court Senior Judge Lewis T. Babcock, issued an Order accepting and adopting the Recommendation of United States Magistrate Judge, dismissing the above captioned case. ECF No. 15.

## II. Standard of Review

Relief pursuant to a FED.R.CIV.P. 59(e) motion to alter or amend a judgment is appropriate where "the court has misapprehended the facts, a party's position, or the controlling law." *Barber v. Colorado Department of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009); See also *Pinson v. Davis*, No. 11-CV-00608-WYD, 2011 WL 3366422 (D. Colo. 2011). "A motion to alter or amend that reiterates issues originally raised in the application and that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position is correctly asserted pursuant to Fed.R.Civ.P. 59(e)." *Alexander v. Foegen*, No.

10-CV-01993-LTB-MEH, 2010 WL 5579884 (D. Colo. Dec. 28, 2010) recommendation adopted 10-CV-01993-LTB-MEH, 2011 WL 124515 (D. Colo. Jan. 14, 2011).

### III. Argument

The district court authorized Plaintiff to commence his lawsuit without paying the concomitant fees. Because Plaintiff proceeds in forma pauperis under 28 U.S.C. § 1915(a)(1), his complaints are subject to that statute's screening requirement. Section 1915(e)(2)(B) requires that the district court dismiss a case at any time if "the action . . . is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted[,] or . . . seeks monetary relief against a defendant who is immune from such relief." A complaint is frivolous under § 1915 when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). And to comply with pleading standards, the complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To state a claim, a complaint must contain sufficient facts "to state a claim to relief that is plausible on its face," taking all well-pleaded facts, but not conclusory allegations, as true and construing them in the light most favorable to the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); see *Acosta v. Jani-King of Okla., Inc.*, 905 F.3d 1156, 1158 (10th Cir. 2018). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

3

Under *McDonnell Douglas*, an employee must show that: (1) the employee is a member of a protected class; (2) the employee is qualified for the position; (3) the employee suffered an adverse employment action; and (4) either non-members of that employee's class were treated more favorably than the employee, or the circumstances give rise to an inference of discrimination. *Salguero* 366 F.3d at 1175. For "reverse discrimination" cases, this test changes to take into account the fact that the employee is not a member of a minority class. Some United States federal circuit courts require the employee to show that "background circumstances support the suspicion that the defendant is that unusual employer who discriminates against the majority." However, the Tenth Circuit has held, that "a plaintiff who brings a 'reverse discrimination' suit should be able to establish a prima facie case in the absence of direct evidence of discrimination by presenting sufficient evidence to allow a reasonable fact finder to conclude (given the totality of the circumstances) that the defendant treated plaintiff 'less favorably than others because of [his or her] race, color, religion, sex or national origin.'" *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577, 98 S. Ct. 2943, 57 L. Ed. 2d 957 (1978); *Notari v. Denver Water Dept.*, 971 F.2d 585, 589-91 (10th Cir.1992). Under this test, the employee is not required to present direct evidence, but only enough evidence to create an inference of discrimination. *Notari*, 971 F.2d at 589-91.

## IV. The District Court Misapprehended or Misunderstood the Facts, Plaintiffs Position, and the Controlling Law

The Magistrate Judge's, March 03, 2021 Report and Recommendation, requested the above captioned lawsuit to be dismissed as follows:

"Nonetheless, as required under 28 U.S.C. § 1981, Plaintiff fails to set forth that a "White" person, who is a victim of domestic violence is a member of a protected class. Plaintiff, therefore, has failed to comply with the December 2, 2020 Order to Amend." ECF No. 9 at p. 4.

The District Court's April 23, 2021 Order, accepting and adopting the [9] Recommendation, stated in part:

"On de novo review the Court concludes that the Recommendation is correct. Accordingly, for the foregoing reasons, it is ORDERED that the Recommendation of United States Magistrate Judge, ECF No. 9, is accepted and adopted. It is FURTHER ORDERED that the First Amended Employment Discrimination Complaint, ECF No. 6, and the action are dismissed without prejudice for failure to comply with the December 2, 2020 Order to Amend." ECF No. 15 at pp. 1 & 2.

**a. Plaintiff Complied With the Court's December 2, 2020 Order to Amend by Sufficiently Alleging That She's "White" and Was Treated Less Favorably Then Similarly Situated Minorities**

In this case, the Magistrate Judge determined, "Plaintiff fails to set forth that a 'White' person, who is a victim of domestic violence is a member of a protected class. Plaintiff, therefore, has failed to comply with the December 2, 2020, Order to Amend." ECF No. 9 at p. 4. The District Court accepted and adopted this reasoning. ECF No. 15 at pp. 1 & 2. With much respect for Senior Judge Lewis T. Babcock, the Court misapprehended or misunderstood the facts, and Plaintiff's position.

Plaintiff, presented sufficient evidence under the test to create an inference of discrimination. Plaintiff plausibly alleged, that she's a member of a protected class, because she's white, and terminated based on her race. ECF No.6 at 50-52, 69, and 84-85; that "she was qualified and satisfactorily performing her job." Id. at 19, 21, 38, and 48; and that "she was terminated under circumstances giving rise to an inference of discrimination." Id. at 22-40, 51-52, and 58-72. Plaintiff, also presented sufficient evidence to allow a reasonable fact finder to conclude that the Defendants treated her less favorably than other similarly situated minorities. Id. In the amended complaint, Plaintiff described how similarly situated minority women at the job were accommodated, by allowing them to take time off work, whenever they experienced domestic violence abuse, but treated her less favorably, by terminating her, the first time she experienced the similar issues. id. at 22-40, 51-52, and 58-72. Plaintiff, also presented sufficient evidence, that shows how Defendants attempted to cover up the

6

true reason behind the unconstitutional termination. Id. at 43-57. Therefore, given the totality of the circumstances in this case, a reasonable fact finder could conclude that the defendants treated the plaintiff less favorably than others because of her race. *Furnco Constr. Corp.*, 438 U.S. at 577; *Notari*, 971 F.2d at 589-91.

The Magistrate Judge correctly noted that, "even if it is found that Defendants in this case are employers who discriminate against the majority, Plaintiff fails to assert the basis for finding victims of domestic violence, per se, are members of a protected class. Nor does this Court find a basis for finding victims of domestic violence are a protected class." See Price-Cornelison v. Brooks, 524 F.3d 1103, 1113 (10th Cir. 2008) (victims of domestic violence do not implicate a protected class based on sex discrimination) (footnote omitted). ECF No. 9 at p. 3. The District Court accepted and adopted the above mentioned reasoning. ECF No. 15 at pp. 1 & 2. As stated above, the Court misapprehended or misunderstood the facts, and Plaintiff's position.

Plaintiff assert, that she isn't alleging in the [6] amended complaint, that victims of domestic violence, per se, are members of a protected class, as the Court contends. ECF No. 6. A review of the [6] amended complaint, the Court will determine, that Plaintiff plausibly alleged, that she's a member of a protected class, because she's "white." ECF No.6 at 50-52, 69, and 84-85. Plaintiff, clearly alleges her race (White) as a protected class. Id. A review of Plaintiff's original [1] complaint, would support a finding that she alleged, victims of domestic violence are members of a protected class. ECF No. 1. However, Plaintiff cured said deficiency in her [6] amended complaint. ECF No. 6. In the [6] amended complaint, Plaintiff raised the issue of domestic violence, to demonstrate how she was treated less favorably then similarly situated minority women,

7

(some mentioned by name), related to domestic violence victims incidents, to support an inference of intentional discrimination. Id. Plaintiff alleged, whenever the above mentioned minority women had personal issues come up involving domestic violence, the Defendants would accommodate them, by allowing them to take time off work. However, Plaintiff alleged that the "first" time she had personal issues come up involving domestic violence, Defendants punished her, by terminating her employment. Id. The Court failed to determine if Plaintiff presented "sufficient evidence" to allow a reasonable fact finder to conclude that the defendants treated her less favorably than others because of her race. *Furnco Constr. Corp.*, 438 U.S. at 577; *Notari*, 971 F.2d at 589-91. Therefore, Plaintiff, (who is White), sufficiently alleged, that she was treated less favorably than other similarly situated minorities.

## IV. Conclusion

WHEREFORE, Plaintiffs pray that the Court grant this Motion to Alter or Amend a Judgment, reconsider the merits of Plaintiffs' Objections to the Magistrate Judge's Recommendation, with regard to Plaintiff's [6] amended complaint, and to grant such further relief as the Court deems appropriate and just.

Dated: 04/03/2021

*/s/ Ashlee Handy*
Ashlee Handy
P. O. Box 5509
Englewood, CO. 80155

## CERTIFICATE OF MAILING

I hereby certify that on this **30th** day of **APRIL 2021**, A true and correct copy of the foregoing attached **PLAINTIFF'S MOTION TO ALTER OR AMEND A JUDGMENT PURSUANT TO FED.R.CIV.P. 59(e)** was deposited into the United States Mail, postage prepaid by First Class postage, addressed to the following:

UNITED STATES DISTRICT COURT
901 19th Street
Denver, CO 80294

_____
Ashlee M. Handy
P.O. Box 5509
Englewood, CO 80155