IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:20-cv-03235-NYW

ASHLEE M. HANDY,

    *Plaintiff*,

v.

MAXIMUS INC.,
SHARON DORCAS,
SCOTT CLOUD,
PRIME SOURCE STAFFING, and
NICHOLAS WERNER,

    *Defendants*.

## DEFENDANT NICHOLAS WERNER'S
## MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Nicholas Werner ("Defendant" or "Mr. Werner"), a former employee of Defendant PrimeSource Staffing LLC ("PrimeSource"), respectfully moves to dismiss Plaintiff Ashlee Handy's "First Amended Employment Discrimination Complaint" [ECF No. 6] ("Complaint"). Plaintiff fails to state any legally viable cause of action against Mr. Werner.[1] Accordingly, this Court should dismiss all claims against Defendant with prejudice.

### STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[1] Pursuant to D.C.COLO.LCivR 7.1(b)(2), no conferral is required.

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the pleadings of a *pro se* litigant like Plaintiff are construed liberally, the Court "cannot act as a *pro se* litigant's advocate." *Vasquez v. Capinelli*, No. 17-cv-02435-CMA-SKC, 2019 WL 1130725, at *3 (D. Colo. Feb. 19, 2019) (citing *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991)), *report and recommendation adopted,* No. 17-cv-02435-CMA-SKC, 2019 WL 1125879 (D. Colo. Mar. 12, 2019). Rather, the Court must "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

Because "pro se litigants are not excused from following the same procedural rules that govern other litigants," the Court simply cannot "supply additional factual allegations to round out [a pro se litigant's] complaint." *See, e.g., Watts v. Koskinen*, 12-cv-02993-RM-KLM, 2014 WL 6617187, at *2 (D. Colo. Nov. 21, 2014) (citing *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994)). A "pro se litigant's 'conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based.'" *Johnson v. Dash*, No. 12-cv-02400-REB-KMT, 2015 WL 5331933, at *2-3 (D. Colo. May 12, 2015) (quoting *Hall,* 935 F.2d at 1110).

While *pro se* filings are liberally construed, Plaintiff's *pro se* status does not relieve her "of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall,* 935 F.2d at 1110.

## SUMMARY OF FACTUAL ALLEGATIONS

"In this case, several of Plaintiff's allegations are not entitled to the assumption of truth because they are entirely conclusory." *See Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) (striking conclusory allegations that: "(1) [plaintiff] was targeted because of her race,

2

religion, national origin and ethnic heritage; (2) [plaintiff] was subjected to a false investigation and false criticism; and [that] (3) [d]efendant's stated reasons for the termination and other adverse employment actions were exaggerated and false, giving rise to a presumption of discrimination, retaliation, and wrongful termination.").

Disregarding those conclusory allegations leaves the following assumed facts relating to Plaintiff's claims against Mr. Werner:

- Mrs. Handy is a white woman, in her early thirties. Compl. ¶ 4.
- PrimeSource is a staffing agency. *Id.* at ¶ 10.
- Maximus, Inc. ("Maximus") is a call center that specializes in open enrollment for health insurance benefits. *Id.* at ¶ 11.
- On August 25, 2018, Mrs. Handy entered into a general contractor agreement with PrimeSource and Maximus, Inc. ("Maximus") to work as a customer service representative. *Id.* at ¶ 5.
- PrimeSource and Maximus have an employment contract with one another and entered into a general contractor agreement with Mrs. Handy. *Id.* at ¶ 6.
- PrimeSource, Maximus and Mrs. Handy agreed that Mrs. Handy would work at Maximus during open enrollment for health benefits. *Id*. at ¶ 8.
- Open enrollment for health insurance benefits begins on November 1st every year and ends December 15th. *Id.* at ¶ 12.
- On December 10, 2018, Maximus employee Ms. Sharon Dorcas advised Plaintiff that her work for Maximus and the open enrollment project had come to an end. *Id*. at 39.

3

- At some point after December 10, 2018, Mrs. Handy received a letter from Mr. Nicholas Werner, a PrimeSource employee, dated December 6, 2018 stating that "open enrollment ended therefore ending the contract period." *Id.* at ¶¶ 46-47.

## ARGUMENT

### A.   Plaintiff fails to state a claim under 42 U.S.C. § 1981.

42 U.S.C. § 1981 is narrowly limited to race-based discrimination.  *See* 42 U.S.C. § 1981. To state a claim under 42 U.S.C. § 1981 against Mr. Werner, Plaintiff must plead facts showing: (1) that she was a member of a protected class; (2) that Mr. Werner had the intent to discriminate against Plaintiff on the basis of her race; and (3) that Mr. Werner's discrimination against Plaintiff interfered with a protected activity as defined in the statute.  *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1102 (10th Cir. 2001).  The United States Supreme Court has further held that "a plaintiff must **initially plead** and ultimately prove that, **but for** race, it would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-* any facts *Owned Media*, 140 S. Ct. 1009, 1019 (2020) (emphasis added).

The Complaint fails to state a claim against Mr. Werner under 42 U.S.C. § 1981 for multiple reasons, any of which independently warrants dismissal:

First, the Complaint does not allege ***any* facts** indicating that Mr. Werner did ***anything*** to interfere with Plaintiff's contract to work at Maximus.

Second, the Complaint does not allege ***any* facts** indicating that Mr. Werner had an intent to discriminate against Plaintiff based on her race.

Finally, the Complaint does not allege ***any* facts** to indicate that ***but for*** Plaintiff's race, Plaintiff would not have suffered the loss of a legally protected right (i.e., the right to make or

4

enforce a contract).

This Court should therefore dismiss Plaintiff's purported cause of action against Mr. Werner under 42 U.S.C. § 1981 due to Plaintiff's failure to state a claim.

**B.     Plaintiff fails to state a claim for negligence or negligence *per se*.**

To state a claim for negligence against Mr. Werner, the Complaint must plead: (1) a duty that Mr. Werner owed Plaintiff; (2) a breach of that duty, (3) injury, and (4) a proximate cause relationship between the breach and the injury.  *Casebolt v. Cowan*, 829 P.2d 352, 356 (Colo. 1992).  The initial question of whether a defendant owes a plaintiff a duty to act or refrain from acting in order to avoid injury is a question of law to be determined by the court. *Id.*

All Plaintiff alleges of Mr. Werner is that he sent her a letter stating that "open enrollment ended therefore ending the contract period." *Id.* at ¶¶ 46-47. Subject to very limited exceptions that do not apply in this case, Colorado law does not impose a duty in tort for individuals or companies to refrain from terminating a contract or ending an employment relationship.  *See Bigby v. Big 3 Supply Company*, 937 P.2d 794, 800-01 (Colo. App. 1997) ("Some risk of emotional distress to employees is inevitable in at-will employment.  However, the fact that an employer may know or reasonably expect the termination of an at-will employee to cause emotional distress does not impose upon the employer a legal duty to refrain from firing employees."); *Chellsen v. Pena*, 857 P.2d 472, 476-77 (Colo.App.1992) (holding that termination of employment should not be translated into a tort in order to avoid an obstacle to recovery on a contract theory and rejecting the viability of negligent termination claim under Colorado law); *see also e.g.*, *Medina v. Werner Enterprises, Inc.*, No. 14-CV-01188-CMA-KMT, 2015 WL 720979, at *6 (D. Colo. Feb. 18, 2015) (holding that a claim of unlawful discrimination alone does not give rise to a claim for negligent

5

infliction of emotional distress).

"The elements for negligence *per se* are: (1) a statute or ordinance that defines the standard of care, (2) the plaintiff is a member of the class intended to be protected by the statute or ordinance, and (3) the injuries suffered were the type the statute or ordinance was enacted to prevent." *Lui v. Barnhart*, 987 P.2d 942, 946 (Colo. App. 1999).  Importantly, a statute such as the Colorado Anti-Discrimination Act ("CADA"), "which provides its own enforcement mechanism unknown at common law cannot be relied upon to support a negligence *per se* claim." *See Henry v. Kemp*, 829 P.2d 505, 506 (Colo. App. 1992).

Plaintiff fails to allege **any facts** indicating that Mr. Werner breached a legal duty to her, nor does she allege **any facts** indicating that Mr. Werner **did *anything*** to cause her alleged injury (termination of the Maximus contract).  Plaintiff has also not alleged any facts to support her legal conclusion that Mr. Werner somehow violated CADA, and Colorado law does not allow Plaintiff to pursue an unexhausted, expired CADA claim as a tort. *See* Colo. Rev. Stat. § 24-34-306(14). This Court should therefore dismiss Plaintiff's negligence and negligence *per se* claims under Rule 12(b)(6).

## CONCLUSION

Based on the foregoing, Defendant respectfully requests the Court dismiss Plaintiff's Complaint against Nicholas Werner in its entirety, with prejudice.

Respectfully submitted this 14th day of July, 2022.

*s/ Barry Hartstein*
Barry A. Hartstein
Emily A. Giraldo
Littler Mendelson, P.C.
1900 Sixteenth Street, Suite 800
Denver, Colorado 80202
Telephone: (303) 629-6200
Facsimile: (303) 629-0200
Email:  bhartstein@littler.com
            egiraldo@littler.com

*Attorneys for Defendant Nicholas Werner*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of July, 2022, a true and correct copy of **DEFENDANT NICHOLAS WERNER'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** was filed and served via CM/ECF and also served via U.S. Mail, together with copies of all unpublished opinions cited herein under D.C.COLO.LCivR 7.1(e) to the following address:

Ashlee M. Handy
P.O. Box 5509
Englewood, CO 80155

*Pro Se Plaintiff*

I further certify that on this date, the above filing was also served via CM/ECF to the following:

Jacqueline R. Guesno
Tiffany E. Alberty
JACKSON LEWIS P.C.
950 17th Street, Suite 2600
Denver, Colorado 80202
Telephone: (303) 892-0404
Facsimile: (303) 892-5575
Jacqueline.Guesno@jacksonlewis.com
Tiffany.Alberty@jacksonlewis.com

*Attorneys for Defendants Maximus, Inc., Scott Cloud and Sharon Dorcas*

*s/ Arlene Aguilar*
Arlene Aguilar