IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-03235-NYW-SKC

ASHLEE M. HANDY,

    Plaintiff,

v.

MAXIMUS INC.,
SHARON DORCAS,
SCOTT CLOUD,
PRIME SOURCE STAFFING and
NICHOLAS WERNER,

    Defendants.

## MAXIMUS DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Maximus Inc., Sharon Dorcas and Scott Cloud (collectively referred to as "Maximus Defendants"), by and through counsel, respectfully moves to dismiss Plaintiff's First Amended Complaint (the "Complaint") [ECF No. 6]. Plaintiff fails to state any legally viable cause of action against the Maximus Defendants. Therefore, this Court should dismiss all claims against the Maximus Defendants with prejudice.

## STANDARD OF REVIEW

Under F.R.C.P. 12(b)(6), a court may dismiss a complaint that fails to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly* 550 U.S. 554, 570 (2007)); *Warne v. Hall*,

373 P.3d 588 (Colo. 2016) (adopting federal pleading standard). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly* 550 U.S. at 556). Mere "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," are insufficient and are not entitled to the presumption of truth. *Id.* at 678–80 (quoting *Twombly* 550 U.S. at 555).

Although the Court is to read Plaintiff's pleadings liberally due to her *pro se* status, her status does not relieve her of the duty to comply with the rules and procedures governing litigants or relieve her of the requirements of substantive law. *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993). Thus, Plaintiff must allege sufficient facts on which a recognized legal claim could be based. *Hall v. Bellman*, 935 F.2d 1106, 110 (10th Cir. 1991). A "*pro se* litigant's 'conclusory allegations without factual averments are insufficient to state a claim upon which relief can be based.'" *Johnson v. Dash*, No. 12-cv-02400-REB-KMT, 2015 WL 5331933, at *2-3 (D. Colo. May 12, 2015) (quoting *Hall*, 935 F.2d at 1110).

## ARGUMENT

### A. Plaintiff's Complaint Fails to State a Claim for Relief Against the Maximus Defendants, Under 42 U.S.C. § 1981.

Section 1981 prohibits racial discrimination in "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(a)(b) ("herein 1981 claim"). To state a 1981 claim against the Maximus Defendants, Plaintiff must plead facts showing: (1) that Plaintiff was a member of a protected class; (2) that the Maximus Defendants had the intent to discriminate against her on the basis of her race; and (3) that the Maximus Defendants' discrimination against Plaintiff interfered with a protected activity as defined in the statute. *Hampton v. Dillard Dep't*

2

*Stores, Inc.,* 247 F.3d 1091, 1117-18 (10th. Cir. 2001). Therefore, Plaintiff must show that the Maximus Defendants intentionally or purposefully discriminated against her. *Reynolds v. School District No. 1*, 69 F.3d 1523, 1532 (10th Cir. 1995) (citing to *General Bldg. Contractors Ass'n, Inc. v. Pennsylvania,* 458 U.S. 375, 391 (1982)).

However, Plaintiff fails to allege facts sufficient to show that the Maximus Defendants intentionally discriminated against her based on her race. Instead, Plaintiff alleges that her termination was related to her husband bringing a gun to her work and Defendant Dorcas telling her to report the incident. *Compl.* ¶ 31-32; 34. These allegations tie her termination to her husband bringing a gun to her place of employment not to her race. *Compl*. ¶ 39.[1]  Plaintiff's conclusory assertion that one Black woman and two Mexican women were constantly dealing with domestic violence issues requiring time off work (*Compl*. ¶ 24-26), fails to contain sufficient factual matter to prove intent to discriminate based on race because these assertions are purely conclusory. *Iqbal*, 556 U.S. at 678.

Furthermore, Plaintiff's Complaint lacks sufficient factual matter to support her contention that the Maximus Defendants are one of those unusual employers that discriminates against the majority, (i.e. Plaintiff's race is white). *Notari v. Denver Water Dep't,* 971 F.2d 585, 589 (10th Cir. 1992).  The law is clear; reverse discrimination cases require a stronger showing of discrimination. *Argo v. Blue Cross & Blue Shield of Kan., Inc.,* 452 F.3d 1193, 1201 (10th Cir. 2006). Therefore, Plaintiff must allege, in addition to the three elements cited above, that *but-for* her status as a white female, the decision to terminate would not have occurred. *Adamson v. Multi Cmty Diversified*

---

[1] Plaintiff claims that four days after her husband brought a gun to her work, Defendant Dorcas told her she was being terminated "related to the domestic violence victimization".

3

*Servs.,* 514 F.3D 1136, 1141 (10th Cir. 2008). Instead, Plaintiff has alleged that but-for her husband bringing a gun to work, her termination would not have occurred. *Compl*. ¶ 31-32; 34, 39.

Plaintiff's vague allegation that the Maximus Defendants accommodated minority women experiencing domestic violence issues but terminated her after her husband brought a gun to her place of work, fails to meet the requirement of a stronger showing of discrimination required for reverse discrimination cases. *Argo,* 452 F.3d at 1201. Plaintiff's Complaint lacks the non-conclusory background information to assert that Maximus discriminates against the majority. *Notari* at 589. Because of the stronger showing required for reverse discrimination claims, Plaintiff is required to allege, in addition to the three elements cited above, the vital component that *but-for* her status as a white person, the decision to terminate would not have never occurred. *See Adamson v. Multi Cmty Diversified Servs.,* 514 F.3d 1136, 1144 (10th Cir. 2008) (pre-text is not enough to sufficiently plead reverse discrimination, the *but-for* element is still required).

Furthermore, Plaintiff has failed to allege facts that would support a 1981 claim against Defendant Cloud. Plaintiff fails to allege that: (1) Mr. Cloud did anything to interfere with Plaintiff's contract to work, (2) that he had the intent to discriminate against Plaintiff, and (3) that but-for Plaintiff's race, Plaintiff would have not suffered the loss of a legally protected right. Thus, Plaintiff's claims against Mr. Cloud are wholly deficient.

For these reasons, this Court should dismiss Plaintiff's 42 U.S.C. § 1981 claim against the Maximus Defendants for failure to state a claim.

### B. Plaintiff's Complaint Fails to State a Claim for Relief Against Maximus Defendants, Under Her Theory of Negligence.

To establish a claim of negligence, Plaintiff must plead: (1) a duty that the Maximus Defendants owed Plaintiff; (2) the Maximus Defendants breached that duty; (3) the breach caused Plaintiff's injury; and, (4) damages. *Keller v. Koca*, 111 P.3d 445, 447 (Colo. 2005). The initial question of whether a defendant owes a plaintiff a duty to act or refrain from acting in order to avoid injury is a question of law to be determined by the court. *Casebolt v. Cowan,* 829 P.2d 352, 356 (Colo. 1992).

Subject to very limited exceptions that do not apply in this case, Colorado law does not impose a duty in tort for companies to refrain from terminating a contract or ending an employment relationship. *See Bigby v. Big 3 Supply Company*, 937 P.2d 794, 800-01 (Colo. App. 1997) ("Some risk of emotional distress to employees is inevitable in at-will employment. However, the fact that an employer may know or reasonably expect the termination of an at-will employee to cause emotional distress does not impose upon the employer a legal duty to refrain from firing employees."); *Chellsen v. Pena*, 857 P.2d 472, 476-77 (Colo.App.1992) (holding that termination of employment should not be translated into a tort in order to avoid an obstacle to recovery on a contract theory and rejecting the viability of negligent termination claim under Colorado law); *see also e.g.*, *Medina v. Werner Enterprises, Inc.*, No. 14-CV-01188-CMA-KMT, 2015 WL 720979, at *6 (D. Colo. Feb. 18, 2015) (holding that a claim of unlawful discrimination alone does not give rise to a claim for negligent infliction of emotional distress).

Therefore, an employer or employee may terminate at-will employment at any time with or without cause, and such a termination generally does not give rise to a claim for relief. *Wisehart v. Meganck,* 66 P.3d 124 (Colo. App. 2002). This balance promotes flexibility and allows

5

"employers to seek the best employees to suit their needs." *Id.* at 126. Rare exceptions to at-will termination do not apply here, nor has Plaintiff alleged the exceptions apply. *See id.* at 126-128. Plaintiff was an at-will employee, and she has failed to allege otherwise.

For these reasons, this Court should dismiss Plaintiff's negligence claim against the Maximus Defendants for failure to state a claim.

### C. Plaintiff's Complaint Fails to State a Claim for Relief Against Maximus Defendants, Under Her Theory of Negligence Per se.

To establish a negligence per se claim, Plaintiff is required to factually plead: (1) a statute or ordinance that defines the standard of care; (2) the plaintiff is a member of the class intended to be protected by the statute or ordinance; and (3) the injuries suffered were the type the statute or ordinance was enacted to prevent." *Lui v. Barnhart*, 987 P.2d 942, 946 (Colo. App. 1999).

Plaintiff fails to allege any facts indicating that the Maximus Defendants breached a legal duty to her. Plaintiff's negligence per se claim rests on alleged violations of the Colorado Anti-Discrimination Act ("CADA"), C.R.S § 24-34-301, § 24-34-401. CADA violations are insufficient to give rise to a negligence per se claim as a matter of well-settled Colorado law. *See Henry v. Kemp*, 829 P.2d 505, 506 (Colo. App. 1992) (CADA provides its own enforcement mechanism and cannot be relied upon to support a negligence *per se* claim).

Under CADA, exhaustion of administrative remedies is a jurisdictional issue and federal courts are bound to apply substantive state law. *Barrington v. United Airlines,* 566 F.Supp.3d 1102, 1112 (D. Colo. Oct. 14, 2021). The Colorado Supreme Court has held that, before an individual can assert a claim under CADA, he or she must first exhaust administrative remedies for all claims brought pursuant to the Act. *Jackson v. City & Cty. of Denver*, No. 11-CV-02293-PAB-KLM,

6

2012 U.S. Dist. LEXIS 136185, 2012 WL 4355556, at *2 (D. Colo. Sept. 24, 2012) (citing *Brooke v. Rest. Servs., Inc.*, 906 P.2d 66 (Colo.1995)). As such, exhaustion is a condition precedent to bringing an action in district court, under CADA. *Barrington* at 111 (court held it does not have jurisdiction to hear Plaintiff's CADA claim because she failed to exhaust her administrative remedies).

Here, Plaintiff admits in her complaint that she did not file a charge with the EEOC or any other state agency, such as the Colorado Civil Rights Division, the state agency that oversees CADA claims. *Compl.* ¶ Section E. Therefore, Plaintiff admits that she failed to exhaust her required administrative remedy necessary to support her CADA claim couched in negligence per se. Likewise, per CADA, Plaintiff was required to file her CADA claim within 300-days from the notice of the alleged discrimination, which was on December 7, 2018, making her statute of limitations October 3, 2019. This date has long expired and cannot be remedied by yet another amended complaint. For these reasons, this Court should dismiss Plaintiff's negligence per se claim against the Maximus Defendants for failure to state a claim.

**WHEREFORE**, the Maximus Defendants respectfully request that the Court dismiss Plaintiff's Amended Complaint against Defendants, Sharon Dorcus, Scott Cloud and Maximus, Inc., in its entirety, with prejudice.

Respectfully submitted this 4th day of August, 2022.

JACKSON LEWIS P.C.

*s/ Jacqueline R. Guesno*
Jacqueline R. Guesno
Tiffany E. Alberty
950 17th Street, Suite 2600
Denver, Colorado 80202
Telephone: (303) 892-0404
Facsimile:  (303) 892-5575
Jacqueline.Guesno@jacksonlewis.com
Tiffany.Alberty@jacksonlewis.com

*ATTORNEYS FOR MAXIMUS DEFENDANTS*

## CERTIFICATE OF SERVICE

I certify that on this 4th day of August, 2022, a true and correct copy of the foregoing **MAXIMUS DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** was filed and served via CM/ECF upon the following:

Ashlee M. Handy, *pro se Plaintiff*
P.O. Box 5509
Englewood, CO 80155
Ashlee.handy0719@gmail.com

Barry A. Harstein
Emily A. Giraldo
Littler Mendelson, P.C.
1900 16th Street, Suite 800
Denver, CO 80202
bhartstein@littler.com
egiraldo@littler.com

*Counsel for Defendant PrimeSource Staffing LLC*

*s/ Tama Steinacher*
for Jackson Lewis P.C.

8